O

**NO JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANA M. HANSON, | ) | CV 11-1270 RSWL (FFMx) |
| Plaintiff, | ) ) | **ORDER re: Third-Party Defendant Painters and Allied Trades District Council 36's Motion to Dismiss Third-Party Complaint [18]** |
| v. | ) ) | |
| PREMIER DRYWALL dba PRECON INDUSTRIES, INC. | ) ) ) | |
| Defendant. | ) ) | |

On October 5, 2011, Third-Party Defendant Painters and Allied Trade District Council 36's ["Painters Council"] Motion to Dismiss Third-Party Complaint [18] came on for regular calendar before the Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

Pursuant to Federal Rules of Civil Procedure, the Court hereby **GRANTS** Third-Party Defendant Painters Council's Motion to Dismiss and **DISMISSES** the Third-Party Complaint without leave to amend.

///

///

1

## I. BACKGROUND

On December 8, 2009, Third-Party Plaintiff Premier Drywall dba Precon Industries Inc. ("PreCon") filed a Complaint with this Court, seeking a judgment declaring that PreCon was not bound by the terms of a Master Labor collective bargaining agreement ("MLA") and not subject to arbitration. That Action is <u>Precon Industries, Inc. dba Premier Drywall, et al. v. Painters and Allied Trades District Council, et al.</u>, No. CV 09-09016 RSWL(JCx)("<u>Premier I</u>").

On January 20, 2010, Defendants in <u>Premier I</u>, which included Painters Council, filed a Motion to Dismiss Complaint. On March 24, 2010, this Court issued an Order granting Defendants' Motion to Dismiss without leave to Amend. This Court found that PreCon was bound by the MLA and must submit to arbitration.

Accordingly, on September 8, 2010, a dispute between PreCon and the trust fund of Painters Council's trade union was heard before an arbitrator. On September 20, 2010, the arbitrator issued a decision against PreCon.

On February 20, 2010, Plaintiff Ana M. Hanson ("Plaintiff") filed a Complaint against PreCon, seeking an Order to Confirm the Arbitration Award [1]. On May 31, 2011, PreCon filed its Third-Party Complaint against Painters Council [8].

///
///

## II. DISCUSSION

A. <u>Judicial Notice</u>

As a preliminary matter, both parties have filed requests for this Court to take judicial notice of certain documents relevant to its papers. Generally, a court may not consider material beyond the complaint in ruling on a 12(b)(6) motion. <u>See</u> Fed. R. Civ. P. 12(b). However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001) (citations omitted).

Pursuant to this standard, the Court hereby **GRANTS**, Third-Party Defendant's Request for Judicial Notice of three documents associated with <u>Premier I</u>. The Court finds that these documents are a matter of public record and are not subject to reasonable dispute.

The Court, however, **DENIES as Moot** Third-Party Plaintiff's Request for Judicial Notice Filed in Conjunction with Opposition to Motion to Dismiss Third-Party Complaint. The Court finds that the documents referred to in Plaintiff's Request are unnecessary for this Court's analysis.

B. <u>Motion to Dismiss</u>

The Court **GRANTS** Painters Council's Motion to Dismiss Third-Party Plaintiff's Third-Party Complaint because it is barred by res judicata.

1    Ninth Circuit precedent is clear that res judicata
2 may be raised in a 12(b)(6) motion to dismiss as it has
3 been in this case.  <u>Holcombe v. Hosmer</u>, 477 F.3d 1094,
4 1097 (9th Cir. 2007).  Res judicata, also known as
5 claim preclusion, bars litigation in a subsequent
6 action of any claims whenever there is "(1) an identity
7 of claims, (2) a final judgment on the merits, and (3)
8 identity or privity between parties." <u>Western Radio</u>
9 <u>Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir.
10 1997)  Here, in comparing <u>Premier I</u> with the instant
11 action, the Court finds that res judicata is applicable
12 to bar the Third Party Complaint.
13    **1.   First Element - Identity of Claims**
14    The Court finds that there is an identity of claims
15 between the instant action and <u>Premier I</u>.  The Ninth
16 Circuit examines "four factors to determine whether
17 there is an identity of claims: (1) whether the two
18 suits arise out of the same transactional nucleus of
19 facts; (2) whether rights or interests established in
20 the prior judgment would be destroyed or impaired by
21 prosecution of the second action; (3) whether the two
22 suits involve infringement of the same right; and (4)
23 whether substantially the same evidence is presented in
24 the two actions." <u>ProShipLine Inc. v. Aspen</u>
25 <u>Infrastructures Ltd.</u>, 609 F.3d 960, 968 (9th Cir. 2010)
26 (emphasis omitted).
27    Here, the Court finds that the two lawsuits arise
28 from the same transactional nucleus of facts.  The

4

claims and factual allegations at issue in Premier I and those alleged here all relate to the six Participation Agreements that PreCon signed with Painters Council and the underlying obligations that arose from those agreements. Moreover, both involve PreCon's attempt to seek a declaration that it is not bound to the MLA collective bargaining agreement as a result of signing those six agreements with Painters Council.

In addition, the rights and interests established in Premier I would be destroyed or impaired by continued prosecution of this action. This Court's Order in Premier I explicitly found that PreCon "signed a Participation Agreement with [Painters Council] that bound [PreCon] to the [MLA]." Third-Party Def.'s Req. for Judicial Notice at Ex. 3. As such, the danger of permitting prosecution of the instant action is that the Court would risk a potential opposite result to Premier I and potentially eviscerate the rights and interests established in Premier I.

Furthermore, the two lawsuits involve the infringement of the same rights. In both actions, PreCon alleged that it was wrongfully misled by Painters Council into signing the Participation Agreements and that the Participation Agreements should be interpreted to be consistent with Painters Council's oral representations to PreCon.

Finally, although evidence was not submitted in

Premier I due to the fact that the action was dismissed at the pleading stage, the fact that the allegations at issue in the two actions are essentially identical demonstrates that substantially the same evidence would be presented for both actions.

PreCon argues that there is no identity of claims given that the Third Party Complaint raises some new claims that were not presented in Premier I. This Court, however, finds PreCon's argument without merit. When analyzing the applicability of res judicata, "[i]t is immaterial whether the claims asserted subsequent to the judgement were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they *could have* been brought." Tahoe-Sierra Pres. Council, Inc. v Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003)(emphasis added). Here, this Court find that the new claims in the Third Party Complaint could have been pursued in Premier I. "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." ProShipLine, 609 F.3d at 968 (internal citations, quotation marks and emphasis omitted).

In sum, this Court finds that all four factors indicate that Premier I and the instant action present identical issues, thus satisfying the first element for res judicata.

### 2. Second Element - Final Judgment on the Merit

The Ninth Circuit has held that dismissals entered pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is a "judgment on the merits" to which the doctrine of claim preclusion applies. Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981)). Accordingly, the Court finds that the judgment in Premier I, which dismissed PreCon's complaint for failure to state a claim without leave to amend, is a "final judgment on the merits."

### 3. Third Element - Identity of Privity Between the Parties

Finally, the Court finds that there is an identity of parties between the earlier action and the present one. In Premier I, PreCon was a plaintiff and Painters Council was a defendant. Similarly in this action, PreCon is the Third-Party Plaintiff and Painters Council is the Third-Party Defendant.

In sum, given that all three elements of res judicata have been met, this Court concludes that res judicata applies to the present Third-Party Complaint. As such, this Court finds that PreCon cannot state a cognizable claim for which relief can be granted pursuant to Rule 12(b)(6).

### III. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Third-Party Defendant's Motion to Dismiss Third-Party Complaint.  Furthermore, because res judicata bars PreCon from making claims under the same nucleus of operating facts as Premier I, PreCon's complaint cannot be amended to survive a future Motion to Dismiss on the same grounds.  As such, PreCon's Third-Party Complaint is **DISMISSED** without leave to amend.

DATED: October 13, 2011
**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　RONALD S.W. LEW
　　　　　　　　　　　　　　**HONORABLE RONALD S.W. LEW**
　　　　　　　　　　　　　Senior, U.S. District Court Judge