O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA M. HANSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PREMIER DRYWALL dba PRECON INDUSTRIES, INC.<br><br>　　　　　Defendant. | CV 11-1270 RSWL (FFMx)<br><br>**ORDER re: Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication of the Issues [39]** |

　　On February 28, 2012, Plaintiff Ana M. Hanson's ("Plaintiff") Motion for Summary Judgment, or, in the Alternative, Summary Adjudication of the Issues came on for regular calendar before the Court [39].  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

　　The Court **GRANTS in Part and DENIES in Part** Plaintiff's Motion for Summary Judgment.  The Court **GRANTS** partial summary judgment as to Defendant Premier Drywall d/b/a Precon Industries, Inc.'s ("Defendant") liability under the Arbitration Award.  Accordingly,

1

the Court hereby **CONFIRMS** the September 20, 2010 Arbitration Award issued by the Southern California Labor Management Cooperation Committee ("LMCC") Arbitration Panel. The Court, however, **DENIES** summary judgment as to the amount owed to Plaintiff under the Arbitration Award.

## I. BACKGROUND

Plaintiff is a trustee and enforcement administrator of Southern California Painting & Drywall Industries Health & Welfare Fund, IUPAT Industry Pension Trust Funds, Southern California Painting & Drywall Industries Apprenticeship Trust Funds, Southern California Painting & Drywall Industries Vacation Trust Fund, Southern California Painting & Drywall Industries Administrative Fund, and the Working Dues Fund (collectively the "Trust Funds") and is authorized by these trust funds to bring this Action as a plaintiff.

Defendant Painters and Allied Trades District Council 36 ("Defendant") is a licensed general contractor that specializes in drywall construction. In 2007, Defendant made bids on several construction jobs that were subject to the restrictions of a Project Labor Agreement ("PLA"). In order to participate in those construction projects, Defendant would be required to meet the mandates of the PLA, including enrolling its apprentice employees in apprentice programs approved by the State of California.

Accordingly, Defendant hired third-party Painters

Council 36 ("Painters Council") to provide the required apprenticeship programs. As part of the hiring, Defendant entered into six project by project "Participation Agreements" with Painters Council. These Participation Agreements bound Defendant to the provisions of Painters Council's own Master Labor Agreement ("MLA"), which required Defendant to make contributions to the Trust Funds.

At the center of the dispute between the Parties is an Amendment to the Participation Agreements that was signed by both Parties. The Amendment provided that if within one year "following execution of the Participation Agreement and this Amendment, [Defendant] enters into a collective bargaining agreement with any labor organization, Premier will automatically be bound for all purposes to [Painters Council's MLA] . . . for drywall finishing work performed by its employees."

Because Painters Council was allegedly not certified by the state to provide apprenticeship programs, Defendant ran into problems complying with the standards of several of the PLA projects. As such on September 2008, Defendant decided to have the Southwest Regional Council of Carpenters ("Carpenters Union") take over the apprenticeship programs from Painters Council. In doing so, Defendant became a signatory to the Carpenters Union's collective bargaining agreement and began contributing to the Carpenters Union's trust fund. Plaintiff argues that

Defendant's signing with the Carpenters Union triggered the above clause in the Amendment. Defendant maintains that it should only be bound to the MLA for the six Participation Agreement projects.

On November 23, 2009, the Southern California Painting & Drywall Industries Trust Funds served Defendant with a "Charge of Violation" on behalf of the Trust Funds. This Charge of Violation alleged that Defendant violated the MLA by failing to contribute to Trust Funds in its work on eighteen different projects. Pursuant to the MLA, Defendant was required to appear before the Southern California Labor Management Cooperation Committee ("LMCC") Arbitration Panel to resolve the Charge of Violation.

On December 8, 2009, Defendant filed its own complaint with this Court, seeking a judgment declaring that Defendant was not bound to the MLA and not subject to arbitration. That Action is <u>Precon Industries, Inc. dba Premier Drywall, et al. v. Painters and Allied Trades District Council, et al.</u>, No. CV 09-09016 RSWL(JCx)("<u>Premier I</u>"). On January 20, 2010, the defendants in <u>Premier I</u> filed a Motion to Dismiss Complaint. On March 24, 2010, this Court issued an Order granting the Motion to Dismiss without leave to Amend. This Court found that Defendant is bound by the MLA and must submit to arbitration.

Accordingly, on September 8, 2010, the matter was heard before an arbitration panel with the LMCC. The

dispute before the LMCC was whether Premier was to make contributions for the 18 different projects.  Defendant states that it brought evidence to the arbitration that it had paid all required contributions to the Trust Funds for the six Participation Agreement projects.  On September 20, 2010, the panel issued an Arbitration Award ("LMCC Arbitration Award") finding that Defendant must continue paying contributions to the trust fund of Painters Council's Union for all projects [1].  The LMCC Arbitration Award states that Defendant "[is] bound to the [MLA] beginning on September 18, 2008, and liable for 'Drywall Finisher' contributions to the [Trust Funds] from that date onward, or until proper termination of the agreement per Article 28 [of the MLA]."

On February 11, 2011, Plaintiff requested that this Court confirm the arbitration award and filed the request as a "Complaint to Confirm the Arbitration Award."  In the Complaint, Plaintiff requested that this Court grant an order confirming the award.  There appeared to have been some confusion as to the "Complaint to Confirm the Arbitration Award," since Plaintiff's "Complaint" was essentially an "application to confirm arbitration award."  Since the "Complaint" should have been construed by the Court as an "application to confirm arbitration award," the Court was required to "grant such an order unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.

However, this mislabeling of the Application as a Complaint also confused Defendant. Accordingly, Defendant treated Plaintiff's request for confirmation of the arbitration award as a regular complaint, and filed an Answer to the Complaint on May 17, 2011. On January 17, 2012, almost one year after filing its initial Complaint, Plaintiff filed the present Motion.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (2007).

Once the moving party makes this showing, the non-moving party must set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The non-moving party is required by

Federal Rule of Civil Procedure Rule 56(e) to go beyond the pleadings and designate specific facts showing a genuine issue for trial exists. Id. at 324.

### III. DISCUSSION

A. Evidentiary Objections

As a preliminary matter, Plaintiff has submitted evidentiary objections to paragraphs 2-16 of the Declaration of John Amburgey. John Amburgey is the owner and President of Defendant.

The Court **OVERRULES** Plaintiff's objections to paragraphs 2-9 and 11-16. The Court finds Plaintiff's objections to these paragraphs without merit. The Court, however, **SUSTAINS** Plaintiff's objection to paragraph 10 as the testimony is not relevant to this matter.

B. Motion for Summary Judgment

The Court finds that the essential facts are not in dispute. It is undisputed that: (1) Defendant is a licensed general contractor and is an "employer" engaged in "commerce" and in an "industry affecting commerce" within the meaning of the Labor-Management Relations Act; (2) in 2008, Defendant signed six Participation Agreements that bound Defendant to the MLA for those projects; (3) the Participation Agreements contained a provision that if Defendant became a signatory to a collective bargaining within a year of signing the Participation Agreements, Defendant would become bound to the MLA for all purposes; (4) the

MLA contained an arbitration provision; (5) in September 2008, Defendant became a signatory to another collective bargaining agreement; (6) on November 23, 2009, the Southern California Painting & Drywall Industries Trust Funds served Defendant with a "Charge of Violation" on behalf of the Trust Funds; (7) this Charge of Violation alleged that Defendant violated the MLA by failing to contribute to Trust Funds in its work on eighteen different projects; (8) twelve of these projects were not Participation Agreement projects; and (9) on September 8, 2010, the matter was heard before a LMCC arbitrator, and on September 20, 2010, the arbitrator issued a decision stating that Defendant "[is] bound to the [MLA] beginning on September 18, 2008, and liable for 'Drywall Finisher' contributions to the [Trust Funds] from that date onward, or until proper termination of the agreement per Article 28 [of the MLA]."

As such, in determining whether to confirm the LMCC Arbitration Award, the sole issue before the Court "is whether the arbitrator's award was correct as a matter of law." See Penn Cent. Corp. v. Western Conference of Teamsters Pension Trust Fund, 863 F. Supp. 1131, 1133 (N.D. Cal. 1994), affirmed by, 75 F.3d 529 (9th. Cir. 1996). In addressing this issue, the Ninth Circuit has made clear that a district court must be deferential to an arbitrator's decision and confirm the award unless: (1) the arbitrator's award does not "draw

its essence from a contract" and the arbitrator is dispensing "his own brand of industrial justice"; (2) the arbitrator exceeds the boundaries of the issues submitted to him; or (3) the award is contrary to public policy. <u>Van Waters & Rogers, Inc. v. Int'l Brotherhood of Teamsters</u>, 56 F.3d 1132, 1135 (9th. Cir. 1995).

Addressing the first factor, the Court finds that the LMCC Arbitration Award "drew its essence from" the Participation Agreements. <u>United Steelworkers of Am. v. Enter. Wheel & Car Corp.</u>, 363 U.S. 593, 597 (1960). With respect to the Amendment, the Court finds that the dispute that the Parties presented to the LMCC Arbitration Panel was essentially a dispute about the extent of Defendant's obligation to the MLA. Defendant argues that it was only bound to the MLA for six projects, whereas Painters Council had argued that Defendant was bound to the MLA for all projects as soon as Defendant became a signatory to the Carpenters Union's collective bargaining agreement. The LMCC Arbitration Panel, in deciding the scope of the MLA had to look at the language of the Amendment. As such, it interpreted the words "bound for all purposes" as indicating that Defendant was bound to the MLA for all projects. The Court does not find that the Arbitration Award is so far afield that it fails to "draw its essence" from the contract.

Addressing the second factor, the Court finds that

the LMCC Arbitration Panel did not exceed the scope of its authority.  Defendant argues that the LMCC Arbitration Panel exceeded the scope of the arbitration in binding Defendant to the MLA for all projects, including projects not covered by the Participation Agreements.  The Court finds, however, that the LMCC Arbitration Panel did not exceed its authority.  It is undisputed that the "Charge of Violation," which delineated the issues that the LMCC Arbitration Panel was supposed to decide, charged Defendant with failure to pay the Southern California Painting & Drywall Industries Trust Funds "any and all contributions for all projects listed in Attachment 'A' for which the Employer is delinquent."  This Attachment "A" included 18 projects, 12 of which were not Participation Agreement projects.  As such, the dispute was not just limited to whether Defendant was bound to the MLA for the Participation Agreement projects, but rather, the dispute was about Defendant's overall obligations to the MLA, including projects not covered by the Participation Agreements.  Accordingly, in deciding that Defendant is bound to the MLA for all purposes, the LMCC Arbitration Panel did not exceed the scope of its authority because it was simply deciding the primary question that created the dispute in the first place.

As to the third factor, the Court finds that the LMCC Arbitration Award does not violate public policy.

Defendant argues that enforcement of the LMCC Arbitration Award violates public policy because it forces Defendant to pay benefits to two unions, resulting in a windfall for one union.  As support, Defendant relies on Sheet Worker's Int'l Ass'n v. West Coast Sheet Metal Co., 954 F.3d 1506, 1510 (9th Cir. 1992).  The Court, however, finds that Defendant's argument is misguided.  First, the Ninth Circuit has held that employers can be required to contribute into two separate union trust funds if the employer has agreed to do so under contract, which is the case here. Operating Eng'rs Pension Trust v. Giorgi, 788 F.2d 620, 623 (9th Cir. 1981).  Furthermore, Defendant's reliance on Sheet Metal Workers is not on point.  The court in Sheet Metal Workers only found that there was no enforceable trust fund payment between an employer and a union where the union had become decertified.  Here, by contrast, the LMCC Arbitration Panel found the Participation Agreements valid and enforceable on Defendant.  As such, this Court finds that Defendant cannot meet its burden because it has not elicited public policy concerns that are "explicit [and] well defined."  E. Associated Coal Corp. v. United Mine Workers of Am., 531 U.S. 57, 62 (2000).

Finally, Defendant makes the argument that this Court should reject the LMCC Arbitration Award because the underlying contract, from which the LMCC Arbitration Award stems from, is based on an allegedly

11

fraudulent contract.  However, the Court finds Defendant's fraud argument without merit.  The undisputed facts show that Painters Council and Defendant entered into a written contractual agreement, which bound Defendant to the MLA.  In an attempt to introduce a genuine issue of fact concerning the enforceability of the contract, Defendant proffers testimony from its president, which reveals the president's intent at the time Defendant signed the Participation Agreement.  Defendant, however, does not proffer any evidence of actual written misrepresentations made by Painters Council.

As such, the Court finds that Defendant's evidence does not create a genuine issue of material fact as to the enforceability of the Participation Agreements and the subsequent LMCC Arbitration Award.  The Ninth Circuit has made clear that a written agreement between an employer and a union is enforceable despite oral misrepresentations that may contradict the written agreement. <u>Waggoner v. Dallaire</u>, 649 F.3d 1362, 1366 (9th Cir. 1981)("LMRA prevents a local union agent and an employer from starting with an industry-wide plan as a base, orally departing from it in respects that contravene its essence, and then forming a final agreement, absent a formal writing to that effect").

In all, the Court finds that the LMCC Arbitration Panel's award was proper.  Accordingly, the Court **GRANTS** Partial Summary Judgment as to Defendant's

1  obligations to the Arbitration Award and hereby
2  confirms the LMCC Arbitration Award.
3       However, the Court **DENIES** Partial Summary Judgment
4  as it pertains to the amount of contributions owed by
5  Defendant pursuant to the LMCC Arbitration Award.  The
6  LMCC Arbitration Panel's decision only states that
7  Defendant is liable for contributions and does not
8  specify an amount.  Plaintiff attaches a declaration in
9  which Plaintiff testifies that Defendant owes the Trust
10 Funds a total of $1,441,411.62.  On the other hand,
11 Defendant attaches a declaration in which the president
12 of Defendant states that it has made contributions for
13 the work for which it was obligated to make
14 contributions.  As such, the Court finds that a
15 reasonable juror could conclude the Defendant owes less
16 than the amount requested by Plaintiff.

### IV. CONCLUSION

18    As such, the Court hereby **GRANTS** partial summary
19 adjudication of the issues and confirms the Arbitration
20 Award.  The Court, however, **DENIES** summary judgment as
21 to the amount Defendant owes to Plaintiff under the
22 LMCC Arbitration Award.  Accordingly, the remaining
23 issues left to be resolved in this Action are: (1) the
24 amount of Trust Fund contributions due to Plaintiff
25 ///
26 ///
27 ///
28 ///

under the LMCC Arbitration Award and (2) whether attorneys' fees should be awarded.

DATED: April 10, 2012
**IT IS SO ORDERED.**

RONALD S.W. LEW

---

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

14