O

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA M. HANSON,<br><br>    Plaintiff,<br><br>  v.<br><br>PREMIER DRYWALL dba PRECON INDUSTRIES, INC.<br><br>    Defendant. | CV 11-1270 RSWL (FFMx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |

After consideration of Plaintiff Ana M. Hanson's ("Plaintiff") Motion for Summary Judgment, or, in the Alternative, Summary Adjudication of the Issues [39], this Court makes the following findings of fact and conclusions of law:

### UNCONTROVERTED FACTS

1. Plaintiff Ana. M. Hanson is a trustee and enforcement administrator of Southern California Painting & Drywall Industries Health & Welfare Fund, IUPAT Industry Pension Trust Funds, Southern California Painting & Drywall Industries Apprenticeship Trust Funds, Southern California Painting & Drywall

1

Industries Vacation Trust Fund, Southern California Painting & Drywall Industries Administrative Fund, and the Working Dues Fund (collectively the "Trust Funds") and is authorized by these trust funds to bring this Action as a plaintiff.  Decl. of Ana M. Hanson ¶ 1.

2. The Trust Funds are, and were at all times material herein, jointly trusteed labor-management multi-employer trust funds established under Labor-Management Relations Act § 302(c)(5), to provide health, pension, and other benefits to employees in the painting and drywall industries.  The Trust Funds were created by separate written agreements and declarations of trust executed and maintained pursuant to various collective bargaining agreements between the Painters and Allied District Counsel, 36 AFL-CIO ("Painters Council") and employers in the painting and drywall industry.  Decl. of Ana M. Hanson ¶¶ 2-3.

3. Defendant Premier Drywall dba PreCon Industries, Inc. ("Defendant") is a licensed general contractor and is an "employer" engaged in "commerce" and in an "industry affecting commerce" within the meaning of the Labor-Management Relations Act.  Decl. of Ana M. Hanson ¶ 5.

4. Throughout January, February, and March 2008, John Amburgey, on behalf of Defendant, signed six Participation Agreements ("Participation Agreements") with Painters Council for drywall installation and finishing work.  Defendant was performing or was to

1  perform work at Pierce College, Oxnard College, Hunter
2  Liggett, California State University Northridge,
3  Lancaster Veterans Facility, and Naval Air Station
4  Lemoore Branch Medical Center.  Decl. of Ana M. Hanson
5  ¶ 5, Ex. 1.
6      5. In signing the Participation Agreements,
7  Defendant became a signatory to the Southern California
8  Drywall Finishers Joint Agreement referred to here as
9  the "Drywall Master Labor Agreement" ("MLA").  Decl. of
10 Ana M. Hanson ¶ 7, Ex. 1.
11     6. The Participation Agreements and the MLA
12 required Defendant to make contributions to the Trust
13 Funds.  Decl of Ana M. Hanson ¶ 8, Ex. 1, 2.
14     7. Each Participation Agreement includes an
15 Amendment signed by both Parties.  The Amendment to the
16 Participation Agreements provide that: "[Defendant] is
17 not a party to collective bargaining agreement with any
18 other union covering the work described in the
19 Participation Agreement and described in this
20 Amendment, and has decided to assign the work described
21 in the Participation Agreement and described in this
22 Amendment to the [Painters Council] and its affiliated
23 and local unions.  If, within the one years following
24 execution of the Participation Agreement and this
25 Amendment, [Defendant] enters into a collective
26 bargaining agreement with any labor organization,
27 Premier will automatically be bound for all purposes to
28 the [MLA] between [Painters Council] and the drywall

finishing contractors' associations named therein [MLA] for drywall finishing work performed by its employees." Decl. of Ana M. Hanson ¶ 8, Ex. 2.; Decl. of John Amburgey, ¶¶ 7, 11, 14, 16.

8. On September 18, 2008, Defendant signed a collective bargaining agreement with another union, the Southwest Regional Council of Carpenters. Decl. of Ana M. Hanson, Ex. 1.

9. On November 23, 2009, the Southern California Painting & Drywall Industries Trust Funds served Defendant with a "Charge of Violation" on behalf of the Trust Funds. Decl. of John H. Amburgey, Ex. A.; Decl. of Ana M. Hanson ¶ 14.

10. The Charge of Violation alleged that Defendant violated the MLA by failing to contribute to Trust Funds in its work on eighteen different projects. Decl. of John H. Amburgey, Ex. A.

11. Twelve of these projects were not Participation Agreement projects. Decl. of Ana M. Hanson ¶ 5, Ex. 1; Decl. of John H. Amburgey, Ex. A.

12. On September 8, 2010, the matter was heard before a Southern California Labor Management Cooperation Committee ("LMCC") Arbitration Panel to resolve the Charge of Violation. Decl. of Ana M. Hanson ¶ 17.

13. On September 20, 2010, the LMCC Arbitration Panel issued a decision stating that Defendant "[is] bound to the [MLA] beginning on September 18, 2008, and

liable for 'Drywall Finisher' contributions to the [Trust Funds] from that date onward, or until proper termination of the agreement per Article 28 [of the MLA]." Decl. of Ana M. Hanson ¶ 17, Ex. 4.

### **CONCLUSIONS OF LAW**

1. The Ninth Circuit has made clear that a district court must be deferential to an arbitrator's decision and confirm an arbitrator's award unless: (1) the arbitrator's award does not "draw its essence from a contract" and the arbitrator is dispensing "his own brand of industrial justice"; (2) the arbitrator exceeds the boundaries of the issues submitted to him; or (3) the award is contrary to public policy. <u>Van Waters & Rogers, Inc. v. Int'l Brotherhood of Teamsters</u>, 56 F.3d 1132, 1135 (9th. Cir. 1995).

2. The Court finds that the LMCC Arbitration Award "drew its essence from" the Participation Agreements. <u>United Steelworkers of Am. v. Enter. Wheel & Car Corp.</u>, 363 U.S. 593, 597 (1960).

3. The "scope of the arbitrator's jurisdiction extends to issues not only explicitly raised by the parties, but all issues implicit within the . . . agreement." <u>Schoenduve Corp. v. Lucent Techs., Inc.</u>, 442 F.2d 727, 733 (9th Cir. 2006). The Court finds that the LMCC Arbitration Panel did not exceed its authority.

4. The Court finds that the LMCC Arbitration Award does not violate public policy. The Court finds that

5

Defendant cannot meet its burden because it has not elicited public policy concerns that are "explicit [and] well defined." <u>E. Associated Coal Corp. v. United Mine Workers of Am.</u>, 531 U.S. 57, 62 (2000).

DATED: April 10, 2012

**IT IS SO ORDERED.**

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge